UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                  :
LESTER S. BARNEY,                 :
                                  :
        Petitioner,               :   Civ. No. 15-0057 (NLH)
                                  :
     v.                           :   OPINION
                                  :
STEVEN E. D'ILLIO, et al.,        :
                                  :
        Respondents.              :
_____ :
```

APPEARANCES:

Lester S. Barney, # 721875C/537748
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08608
        Petitioner, pro se

Jennifer L. Bentzel
Office of the Prosecutor, Burlington County
49 Rancocas Rd.
P.O. Box 6000
Mount Holly, NJ 08060
        Counsel for Respondents

HILLMAN, District Judge

        This matter is presently before the Court upon receipt of a
Motion for Relief from Order (ECF No. 9), and a Motion to Strike
(ECF No. 10) by Petitioner, Lester S. Barney.  Respondents have
filed an Opposition. (ECF No. 12).  For the reasons set forth
below, Petitioner's Motion for Reconsideration and Motion to
Strike will be DENIED.

I.   <u>BACKGROUND AND PROCEDURAL HISTORY</u>

On or about January 5, 2015, Petitioner filed the instant
Petition for Writ Habeas Corpus pursuant to 28 U.S.C. § 2254.
(ECF No. 1).  The case was previously administratively
terminated due to Petitioner's failure to either prepay the
filing fee or submit a complete application for leave to proceed
<u>in forma pauperis</u>. (ECF No. 2).  Thereafter, Petitioner paid the
$5.00 filing fee for a habeas petition as required by Local
Civil Rule 54.3(a).  Petitioner also filed a Motion for Relief
from Judgment (ECF No. 3), which the Court determined was more
accurately a Motion to Re-Open his case.  Accordingly, on March
23, 2015, the instant case was reopened for review by a judicial
officer and Respondents were directed to file an Answer to the
Petition. (ECF No. 4).

On June 24, 2015, Respondents filed their Answer to the
Petition. (ECF No. 5).  Petitioner then filed a Motion to
Appoint Pro Bono Counsel (ECF No. 6), which included an <u>in forma
pauperis</u> application, as well as an Application for Emergency
Relief (ECF No. 7).  On July 30, 2015, the Court issued an Order
denying Petitioner's Motion to Appoint Pro Bono Counsel, granted
his request to proceed <u>in forma pauperis</u>, and granted his
Application for Emergency Relief, which was more accurately a
request for an extension of time in which to file his Traverse
to Respondents' Answer. (ECF No. 8).

On August 13, 2015, Petitioner filed a "Motion for Relief from Order, which is essentially a motion for reconsideration of the Court's July 30, 2015 Order.  In his motion, Petitioner seeks to "correct a manifest error of law and facts upon which [the Court's July 30, 2015 Order] was based." (Mot. for Relief from Order 7, ECF No. 9).  Specifically, Petitioner contends that the Court erred in its decision to deny Petitioner pro bono counsel.

First, Petitioner asserts that it was error for the Court to cite to the cases of Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997), and Tabron v. Grace, 6 F.3d 147, 155–56 (3d Cir. 1993) in its analysis of whether the appointment of pro bono counsel was appropriate.  Petitioner states that because Parham and Tabron were filed under 42 U.S.C. § 1983, rather than the statute under which Petitioner filed the instant case, 28 U.S.C. § 2254, the factors addressed in those cases are not relevant to whether pro bono counsel should be appointed in the instant case.

Petitioner further states that he is entitled to counsel. In support of this contention, Petitioner cites to 18 U.S.C. § 3006A(a)(2)(B).  Petitioner also asserts that his Application for Pro Bono Counsel was a "contract" and he contends that "[t]he Court 'overlooked' all other elements of that contract." (Mot. for Relief from Order 9, ECF No. 9).  Petitioner reiterates the argument set forth in his initial motion for pro

3

bono counsel and states that he has "cause shown" to proceed to
an evidentiary hearing; therefore, the appointment of counsel is
required. (Id.).  Finally, Petitioner cites case law in support
of the proposition that he is entitled to the appointment of
counsel under the Sixth Amendment of the United States
Constitution. (Mot. for Relief from Order 9-10, ECF No. 9).

In the final pages of his Motion for Relief from Order,
Petitioner states that "[t]he Judge was made known of the
commission of a felony against Mr. Barney to satisfy 18 U.S.C. §
4." (Mot. for Relief from Order 10-11, ECF No. 9).  Petitioner
states that a judgment filed with Respondents' Answer was not
certified as final and, therefore, is "documentary evidence"
that Petitioner is in custody in violation of the Constitution
or laws of the United States. (Id.).

With respect to his Motion to Strike (ECF No. 10),
Petitioner "objects to the Answer" filed by Respondents and asks
that the Court "sua sponte strike the answer." (Mot. to Strike
6, ECF No. 10).  In support of his motion, Petitioner states
that the Answer contains and relies on information that is
outside of the record.  In particular, Petitioner points to
statements of certain individuals and claims that the trial
court rejected these statements. (Mot. to Strike 7, ECF No. 10).
Petitioner contends that Respondents are attempting to

4

"circumvent the [previous] judicial determinations on those matters" by introducing the statements in their Answer. (Id.).

Petitioner further contends that Respondents have improperly expanded the record and states that Respondents have included transcripts which were "never made part of the record, as well as an altered letter, and other statements aforecited [sic] deemed 'immaterial[.]'" (Mot. to Strike 8, ECF No. 10).

Petitioner also points out that counsel for Respondents failed to make a timely appearance in this matter. (Mot. to Strike 8-9, ECF No. 10).

As with Petitioner's Motion for Reconsideration, the final pages of his Motion to Strike include a discussion on the "documentary evidence" presented which Petitioner believes demonstrates that he is being held in violation of the Constitution and the laws of the United States. (Mot. to Strike 9-11, ECF No. 10).

Respondents file a letter in opposition. (ECF No. 12). As to their failure to enter a timely appearance, counsel for Respondents explains that she believed the Office of the Attorney General's referral letter dated April 2, 2015 served to enter a formal appearance on the record. (Letter in Opp'n 1, Sept. 14, 2015, ECF No. 12). Counsel does not believe that their mistake warrants striking the Answer.

With respect to the remainder of the Motion to Strike, Respondents assert that Petitioner's arguments are meritless. Respondents contend that they submitted with their Answer only documents which were part of the record below. (Letter in Opp'n 2, ECF No. 12).  In specific response to the Petitioner's assertions regarding the statements of certain individuals, Respondents explain that these statements were submitted to the trial court as appendices to its brief during the Post-Conviction Relief ("PCR") proceedings.  Moreover, Respondents deny filing any altered letter with this Court, as alleged by Petitioner, and are unsure which letter, specifically, Petitioner refers to. (Id.).

II.   DISCUSSION

A. Motion for Reconsideration

1. Standard

A motion for reconsideration may be treated as a motion to alter or amend judgment under FED. R. CIV. P. 59(e), or as a motion for relief from judgment or order under FED. R. CIV. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration

6

shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.

A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

2. Analysis

Here, Petitioner asserts that reconsideration of the Court's Order denying pro bono counsel is necessary to correct a clear error of law or fact or to prevent manifest injustice. In the July 30, 2015 Order, this Court noted that Petitioner had established that he could not afford counsel on his own behalf; but found that he had demonstrated the ability to present his own case, and that he had failed to address any of the other Tabron factors — specifically, (2) the complexity of the legal

7

issues; (3) the degree to which factual investigation will be
necessary and the ability of the litigant to pursue such
investigation; (4) the amount a case is likely to turn on
credibility determinations; and (5) whether the case will
require the testimony of expert witnesses. <u>See</u> <u>Tabron</u>, 6 F.2d at
155-156, 157 n.5.  Accordingly, the Court denied Petitioner's
request for pro bono counsel.

Now, Petitioner asserts that it was error for the Court to
cite to <u>Parham</u> and <u>Tabron</u>.  In his motion, Petitioner correctly
cites to 18 U.S.C. § 3006A(a)(2)(B), which provides that counsel
may be appointed to an indigent habeas petitioner where the
"interests of justice so require." <u>See also</u> 28 U.S.C. §
1915(e)(1) ("The court may request an attorney to represent any
person unable to afford counsel.").  In determining whether the
interests of justice require appointment of counsel, a Court
must examine whether or not the petitioner has presented a
meritorious claim. <u>See</u> <u>Biggins v. Snyder</u>, 2001 WL 125337 at * 3
(D. Del. Feb. 8, 2001) (<u>citing</u> <u>Reese v. Fulcomer</u>, 946 F.2d 247,
263-64 (3d Cir. 1991)) (other citations omitted).  Next, the
Court must determine whether the appointment of counsel will
benefit the petitioner and the Court by examining the legal
complexity of the case and the petitioner's ability to present
his claims and investigate facts. <u>See</u> <u>id.</u> (<u>citing</u> <u>Reese</u>, 946

F.2d at 264; Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56) (other citations omitted).

"Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." Id. (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, 1992 WL 184358 at * 1 (D.N.J. July 10, 1992) (stating that the factors the court should consider in appointing counsel include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.").

The factors set forth in Tabron, and discussed above, require an assessment of the complexity of the legal issues in the case, and contribute toward an informed determination as to whether the appointment of counsel will benefit the petitioner and the Court. See, e.g., Biggins, 2001 WL 125337 at * 3 (citing Reese, 946 F.2d at 264; Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56) (other citations omitted).

Accordingly, it was not clear error for the Court to cite to Parham and Tabron and the Court's analysis remains the same. Namely, although Petitioner has established that he cannot

afford counsel on his own behalf, he has failed to show that the appointment of counsel will benefit Petitioner and the Court. Moreover, the Court's finding that Petitioner has an ability to present his own case is further reinforced by the filing of the instant motions, in which Petitioner's arguments are thoroughly and coherently presented and which include citations to relevant case law.

To the extent Petitioner argues that he is entitled to counsel because his Application for Pro Bono Counsel was a "contract" and "[t]he Court 'overlooked' all other elements of that contract" (Mot. for Relief from Order 9, ECF No. 9), this Court finds that this argument is unsupported and is plainly without merit.  A unilateral request by a petitioner does not form a contract which requires specific performance of the relief requested.

To the extent Petitioner states that he is entitled to counsel because he has "cause shown" to proceed to an evidentiary hearing (Id.), this Court has not determined that an evidentiary hearing is required at this time. See 28 U.S.C. § 2254(e)(2).  Accordingly, the appointment of counsel for this purpose is not warranted.

Finally, Petitioner's assertion that he is entitled to the appointment of counsel under the Sixth Amendment of the United States Constitution (Mot. for Relief from Order 9-10, ECF No.

9), is incorrect.  It is well settled that there is no Sixth Amendment right to appointment of counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); Parham, 126 F.3d at 456–57 (noting no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese, 946 F.2d at 263 ("There is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings."), superseded on other grounds by statute, 28 U.S.C. § 2254(d).

For the reasons discussed above, Petitioner's Motion for Relief from Order (ECF No. 9) is DENIED.  The appointment of pro bono counsel is not warranted at this time.  In the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte by the Court or upon a motion properly filed by Petitioner. See e.g., Saunders v. Warren, No. 13-2794, 2014 WL 6634982, at *3 (D.N.J. Nov. 21, 2014) (denying without prejudice motion for the appointment of pro bono counsel); Laster v. Samuels, No. 06-6017, 2007 WL 2300747, at *1 (D.N.J. Aug. 6, 2007) (same).

B. <u>Motion to Strike</u>

1. <u>Standard</u>

A district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  However, "[m]otions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." <u>Sliger v. Prospect Mortgage, LLC</u>, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (2d ed.)) (cited in <u>Shelton v. Hollingsworth</u>, No. 15-1249, 2015 WL 2400780, at *2 (D.N.J. May 18, 2015)).

2. <u>Analysis</u>

As set forth above, Petitioner requests that the Court strike Respondents' Answer because "the State's brief and appendix . . . contain and rely on information that's outside of the record." (Mot. to Strike 7, ECF No. 10).  However, Respondents certify that there is nothing in their Answer, or in the appendix to the Answer, that was not part of the record below. (Letter in Opp'n 2, ECF No. 12).

Petitioner also alleges that Respondents have submitted an "altered letter" (Mot. to Strike 2, 8, ECF No. 10).  However, Petitioner does not specify which letter he believes was

altered, how it was altered, or how or if the alteration affects the legal issues presently before the Court. Respondents are likewise uncertain which letter Petitioner refers to. Nevertheless, they deny filing any altered letter with this Court. (Letter in Opp'n 2, ECF No. 12).

Because Petitioner has failed to show that the entirety of Respondents' Answer is irrelevant to the case or causes him unfair prejudice, the Court will not strike the Answer. <u>See, e.g.,</u> <u>Shelton</u>, No. 15-1249, 2015 WL 2400780, at *2. Although Counsel for Respondent concedes that she failed to enter a timely formal appearance on the record, the Court finds that this oversight does not warrant striking the entire Answer. Accordingly, Petitioner's Motion to Strike (ECF No. 10) is DENIED.

III. <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Motion for Relief from Order (ECF No. 9) and Petitioner's Motion to Strike (ECF No. 10) are DENIED.

An appropriate Order follows.


                                        __s/ Noel L. Hillman_____
                                        NOEL L. HILLMAN
                                        United States District Judge


Dated: January 6, 2016
At Camden, New Jersey

13